UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JAMES THOMAS DUNN JR.,<br><br>Defendant. | Criminal Action No. 91-243-01(RCL)<br><br>**FILED**<br>NOV 1 2 2009<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## MEMORANDUM

### I. INTRODUCTION

Defendant James Dunn's motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on amendments to the United States Sentencing Guidelines is before this Court. Upon consideration of the motion, the Government's Response to the motion, applicable law, and the entire record herein, the motion will be GRANTED IN PART.

### II. FACTUAL AND PROCEDURAL BACKGROUND

In 1991, Dunn entered a plea of guilty to one count of unlawful possession with intent to distribute 50 grams or more of cocaine base, also known as crack, in violation of 21 U.S.C. § 841(a)(1). On October 16, 1991, the Court sentenced Dunn to a term of 121 months incarceration, to be followed by a five year term of supervised release. At the time of sentencing, the sentencing range under the United States Sentencing Guidelines was 121 to 151 months with an offense level of 30 and a criminal history category of III. Two days later, defendant was sentenced in a Superior Court matter to a term of 15 years to life.

Effective November 1, 2007, the United States Sentencing Commission amended the

Guidelines to provide for a two level reduction in the base offense level for crack cocaine offenses. U.S.S.G. App. C, Amend. 706 (Supp. 2007). Later, Amendment 713 made the reduction retroactively applicable. U.S.S.G. App. C, Amend. 713 (Supp. 2008). On March 17, 2008, the defendant filed a Pro Se Motion for Reduction of Sentence to 18 U.S.C. § 3582 and the amendments to the Guidelines. On August 3, 2009, defendant filed a Motion to Reduce Sentence through counsel, asserting that defendant's sentence should be reduced to a term of 120 months with a greater reduction to a term that is partially concurrent with a sentence the defendant is serving in the Superior Court matter. The government does not oppose a reduction of defendant's sentence from 121 months' incarceration to 120 months incarceration but opposes any further reduction. For the reasons that follow, defendant's motion will be granted in part.

### III. ANALYSIS

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may not ordinarily modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c)(1)(B). One statutory exception to this general rule provides that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Amendment 706 provides for such a reduction and both parties agree that Amendment 706 applies in this case. However, the Court's power to reduce sentence is discretionary. In determining a sentence that is "sufficient, but not greater than necessary" to fulfill these

penological objectives, a court must consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the penological purposes stated above; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established by the Guidelines; (5) any applicable Guidelines policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Further, U.S.S.G. § 1B1.10 comment., n.1(B)(ii) directs the district court, when considering a sentence reduction as a result of an amended guideline, to "consider the nature and seriousness of the danger to any person or community that may be posed by a reduction in the defendant's term of imprisonment." Additionally, the district court is allowed to consider post-sentencing conduct when determining whether-and to what extent-a reduction is warranted. U.S.S.G. § 1B1.10 comment., n.1(B)(ii). All original sentencing determinations are to remain unchanged with only the amended guideline range substituted for the unamended guideline range used at sentencing. *See* U.S.S.G. § 1B1.10, comment. n.2.

Under the revised guidelines, defendant's offense level in this case is now 28. At the established criminal history category III, this results in a sentencing range of 97 to 121 months. Nevertheless, Dunn's sentence can not be reduced to below the mandatory statutory minimum sentence of 120 months, pursuant to 21 U.S.C. (b)(1)(A)(iii). Courts have consistently established the principle that this Court can not reduce the sentence below the statutory minimum. *See, e.g., United States v. Eggersdorf*, 126 F.3d 1318, 1320 (11th Cir. 1997), *cert. denied*, 523 U.S. 1013 (1998); *United States v. Dimeo*, 28 F.3d 240, 241 (1st Cit. 1994). *See also*

*United States v. Profeta*, No. 01-3030, 2001 WL 1488668, at *1 (D.C.Cir.2001) (per curiam); *United States v. Smartt*, 129 F.3d 539, 542 (10th Cir.1997); *United States v. Marshall*, 95 F.3d 700, 701 (8th Cir.1996); *United States v. Pardue*, 36 F.3d 429 (5th Cir.1994); *United States v. Hanlin*, 48 F.3d 121, 124-25 (3d Cir.1995).

Under the amended sentencing guidelines, the sentencing range applicable to the Defendant is 97 to121 months. However, the defendant is subject to a statutory mandatory minimum sentence of 120 months. Additionally, there is no basis to the defendant's claim that the Court may permit the sentence to run concurrently with his sentence in the Superior Court case and this claim will be denied. Therefore, defendant's motion to reduce his sentence pursuant to § 3582 is granted in part and defendant will be sentenced to 120 months incarceration.

## IV.  CONCLUSION AND ORDER

Section 3553 directs the Court to "impose a sentence sufficient, but not greater than necessary," to comply with the factors it spells out. The Court concludes that a reduction to 120 months is sufficient to reflect the seriousness of the offense and provides just punishment. Accordingly, the defendant's motion to reduce sentence will be granted in part and the defendant's previously imposed sentence of imprisonment of 121 months is reduced to 120 months.

A separate order shall issue this date.

_____  
Chief Judge Royce C. Lamberth

11/12/09  
Date